IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MOMOLU V.S. SIRLEAF, JR.,

    Petitioner,

v.                                                    Civil Action No. 3:17CV250

EDDIE PEARSON, *et al.*,

    Respondents.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner proceeding *pro se*, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) It is unclear what judgment Petitioner intends to challenge in his submissions. Petitioner indicates on the standardized form that he was convicted and sentenced by the Circuit Court in Alexandria, Virginia and many of his claims clearly arise from that conviction. (§ 2241 Pet. 2; *see* ECF No. 1–1, at 1–18.) However, Petitioner also indicates that there is currently a "Removal Proceedings Detainer," against him (§ 2241 Pet. 2–3), even though Petitioner is serving a sentence in the Virginia Department of Corrections and does not identify any removal proceedings underway. (*Id.* at 1–2.)

By Memorandum Order entered on April 27, 2017, the Court informed Petitioner that because he appears to be challenging his state convictions, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 3.) The Court also stated that if Petitioner instead wished to proceed by a writ of habeas corpus under § 2241, he must specifically identify why the Court has jurisdiction under § 2241. (*Id.*) The Court warned Petitioner that he may not challenge any possibility of or impending deportation by a § 2241 petition. (*Id.* at 3); *see Flores-Torres v. Mukasey*, 548 F.3d 708, 710–11 (9th Cir. 2008) (explaining that federal district court

does not have jurisdiction over a habeas petition seeking to challenge a removal order). Accordingly, the Court directed Petitioner, within eleven (11) days of the date of entry thereof, to complete and return either the standardized form for filing a § 2241 petition or a § 2254 petition as required by Eastern District of Virginia Local Civil Rule 83.4(A). The Court warned Petitioner that the failure to comply with the above directive would result in the dismissal of the action without prejudice. *See* Fed. R. Civ. P. 41(b).

Instead of following the directive of the Court, Petitioner filed a "MOTION OF NON CONSENT TO MAGISTRATE JUDGE" ("Motion," ECF No. 4) wherein he asks the Court to "uphold the Law and Plaintiff's right to non consent to Magistrate Judge Roderick C. Young's exercising jurisdiction in said case." (*Id.* at 1.) In the Richmond Division of the United States District Court for the Eastern District of Virginia, Magistrate Judges handle non-dispositive matters in prisoner cases. The Court need not obtain Petitioner's consent for the Magistrate Judge to handle such matters. Accordingly, Petitioner's Motion (ECF No. 4) will be DENIED.

More than eleven (11) days have elapsed since the entry of the April 27, 2017 Memorandum Order and Petitioner has not complied with the Court's directives. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: JUN 0 8 2017
Richmond, Virginia